DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eric Jones, appeals the decision of Summit County Court of Common Pleas, which convicted him of receiving stolen property. This Court affirms.
 I. {¶ 2} On August 4, 2003, appellant was arrested for receiving stolen property. Specifically, appellant was driving a car that had been reported stolen. Two police officers from the Akron Police department saw a car matching the description of the stolen vehicle parked at a gas station. The car left the gas station before the police could read its license plate number, so the police followed the car and radioed in the gold Dodge Stratus' license plate number. After reporting the license plate number, it was confirmed that the car the two police officers were following was stolen. The police continued to follow the car until it pulled into appellant's driveway, where the two police officers initiated a traffic stop, and subsequently arrested appellant for receiving stolen property.
 {¶ 3} The officers took appellant to the police station where they questioned him regarding how he came to own the vehicle. Appellant responded that he bought the car from a person known only as "Donny" for thirty dollars. Furthermore, when the police continued to question appellant about the car, appellant told them that "It ain't going to change nothing. The RSP is on me." Appellant was tried by a jury and at the end of testimony the jury found appellant guilty of R.C. 2913.51(A) and the court sentenced him to nine months incarceration.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review. This Court will address appellant's second assignment of error first because it is dispositive of the issues presented.
 II. ASSIGNMENT OF ERROR II
"The jury erred in finding the appellant guilty of receiving stolen property pursuant to R.C. 2913.51(a) because the finding of guilt was against the manifest weight of the evidence."
 {¶ 5} In his second assignment of error, appellant argues that the jury verdict was against the manifest weight of the evidence. Specifically, appellant contends that there was no evidence to indicate that he had knowledge that the vehicle was stolen. This Court disagrees.
 {¶ 6} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} In the present case, appellant was convicted of receiving stolen property, a violation of R.C. 2913.51(A), which states:
"No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 9} In State v. Tolbert (Apr. 30, 2003), 9th Dist. No. 21203, 2003-Ohio-2160, at ¶¶ 14-18, discretionary appeal not allowed by State v. Tolbert, 99 Ohio St.3d 1545,2003-Ohio-4671, this Court held:
"Absent an admission by a defendant, the element of reasonable cause to believe that an item was stolen can only be proved by circumstantial evidence." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, ¶ 18, citing State v. Hankerson (1982),70 Ohio St.2d 87, 92. Factors to be considered when determining whether a defendant knew or should have known the property had been stolen include:
"(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise." Statev. Davis (1988), 49 Ohio App.3d 109, 112.
"Moreover, the defendant's possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which a fact finder could reasonably find, in light of the surrounding circumstances of the case, that the defendant knew that the property had been stolen. Colon,
2002-Ohio-3985, ¶ 20, citing State v. Warren (May 26, 1993), 9th Dist. No. 16034."
 {¶ 10} In the present case, appellant's statements to the police as well as the circumstances regarding his possession of the vehicle indicate that he had knowledge that the vehicle was stolen.
 {¶ 11} At appellant's trial, testimony was given by Akron police officer Bryan Stevens. Officer Stevens testified that appellant stated that he had bought the car from a man named Donny for thirty dollars. Officer Stevens further testified that appellant made the following statement: "It ain't going to change nothing. The RSP is on me, nothing is going to change."
 {¶ 12} William Snelson, the owner of the vehicle, also testified on behalf of the State. Snelson testified that the car was stolen a few nights before the arrest of appellant and at the time of the theft, the car was worth about nine to ten thousand dollars.
 {¶ 13} Upon careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of receiving stolen property. Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The appellant was denied effective assistance because trial counsel failed to move the court to grant a motion for directed verdict per criminal rule 29 motion because the appellee failed to present sufficent evidence to meet each and every element of the offense of receiving stolen property pursuant to R.C.2913.51(A).
 {¶ 14} In his first assignment of error, appellant avers that he did not receive effective assistance of counsel because his trial attorney did not move the trial court for a directed verdict. This Court disagrees.
 {¶ 15} In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test:
 {¶ 16} "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Colon at ¶ 48, quoting Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674. Furthermore, if a conviction is supported by sufficient evidence, a criminal defendant is not prejudiced by his trial counsel's failure to move for a directed verdict; thus, failure to move for a directed verdict when there is sufficient evidence to convict is not ineffective assistance of counsel. SeeState v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 20.
 {¶ 17} Sufficiency of the evidence is required to take a case to the jury, therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id. In the previous assignment of error, this Court determined that appellant's conviction was supported by the weight of the evidence. Having found that appellant's conviction was not against the manifest weight of the evidence, this Court concludes that there was sufficient evidence to support the convictions.
 {¶ 18} Given that appellant's conviction was supported by sufficient evidence, this Court finds that he was not prejudiced by his trial counsel's failure to move for a directed verdict.Komadina. Appellant's first assignment of error is overruled.
 III. {¶ 19} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J. Concur.