[Cite as *State v. Kendall*, 2012-Ohio-1172.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25721 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD A. KENDALL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 07 1960 (B) |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

BELFANCE, Judge.

{¶1} Ronald Kendall appeals his convictions for aggravated possession of drugs and possession of drugs. For the reasons set forth below, we affirm his convictions, but remand the matter for resentencing.

I.

{¶2} Mr. Kendall was a passenger in Michael Thomas' car. While the car was stopped in Kenmore, a man approached and spoke to Mr. Kendall from the passenger side of the vehicle. After the man walked away, Officer Edward Hornacek, believing he had witnessed a drug transaction, pulled up to the vehicle.

{¶3} When Officer Hornacek got out of his cruiser, he observed Mr. Kendall making suspicious movements as though he was reaching under the front seat of the car. Believing that Mr. Kendall was possibly reaching for a weapon or destroying evidence, Officer Hornacek ordered him out of the vehicle and searched under Mr. Kendall's seat. He found a black case

containing multiple types of pills, which tests later revealed to contain oxycodone, buprenorphine, and hydrocodone.

{¶4} A jury convicted Mr. Kendall of aggravated drug possession as well as drug possession, and the trial court sentenced him to an aggregate prison term of 10 months, but suspended the sentence on the condition that Mr. Kendall complete 18 months of community control.

{¶5} Mr. Kendall has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE EVIDENCE SEIZED AS A RESULT OF A WARRANTLESS SEARCH THAT LACKED REASONABLE SUSPICION OF CRIMINAL ACTIVITY.

{¶6} In Mr. Kendall's first assignment of error, he argues that the police officers lacked reasonable suspicion to initiate a stop, and, therefore, his attorney was ineffective for failing to file a motion to suppress the evidence obtained.

{¶7} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984). The "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *State v. Madrigal,* 87 Ohio St.3d 378, 389 (2000), quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in

question." *State v. Brown,* 115 Ohio St.3d 55, 2007–Ohio–4837, ¶ 65. In addition, deficient performance cannot be demonstrated where the record fails to disclose the circumstances surrounding the alleged Fourth Amendment violation. *See, e.g., State v. Tibbetts*, 92 Ohio St.3d 146, 166 (2001) (finding no violation of counsel's duty where record failed to reveal circumstances surrounding police's seizure). Counsel's decision not to file a motion to suppress may be a matter of trial strategy, including counsel's reasonable assessment of whether such a motion is likely to succeed and recognition that filing a motion to suppress has risks. *Madrigal*, 87 Ohio St.3d at 389. Furthermore, in order to satisfy the prejudice prong of the *Strickland* test, a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted. *See, e.g., State v. Fair*, 2nd Dist. No. 24120, 2011-Ohio-3330, ¶ 27. *See also Kimmelman* at 390-391.

{¶8} According to Mr. Kendall, there was a reasonable probability that a motion to suppress would have been granted. The testimony put on by the State at trial was directed at broadly describing the officer's surveillance of the appellant and establishing the essential elements of the offenses with which he was charged. However, the circumstances surrounding the stop are not fully explored in the record before us. Given the limited record, we cannot conclude that there is a reasonable probability that a motion to suppress would have been successful. *See, e.g., Fair* at ¶ 27, 46. Accordingly, Mr. Kendall has not satisfied the second prong of the *Strickland* test and, therefore, has not demonstrated that he received ineffective assistance of counsel. *See Mundt* at ¶ 62.

{¶9} His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT
OVERRULED DEFENDANT'S CRIM.[R.] 29(A) MOTION FOR JUDGMENT
OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO
SUPPORT A CONVICTION FOR POSSESSION OF DRUGS.

{¶10} In Mr. Kendall's second assignment of error, he argues that the State failed to produce sufficient evidence that he knowingly possessed the drugs under the seat of the car. We disagree.

{¶11} "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence." *State v. Frashuer*, 9th Dist. No. 24769, 2010-Ohio-634, ¶ 33. *See also State v. Morris*, 9th Dist. No. 25519, 2011–Ohio–6594, ¶ 12. In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 274 (1991). Furthermore:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶12} Mr. Kendall was convicted of violating R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." With some exceptions, if the drug involved is a schedule II controlled substance, a person who violates R.C. 2925.11(A) is guilty of aggravated possession of drugs. R.C. 2925.11(C)(1). If the substance involved is a schedule III controlled substance, the offense is possession of drugs. R.C. 2925.11(C)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his

conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶13} Mr. Kendall does not dispute that the black box discovered under his seat in the car contained schedule II and III controlled substances. Rather, he argues that there was insufficient evidence to find that he was in possession of the box and the drugs found inside.

{¶14} "'Possess' * * * means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession "may be constructive as well as actual. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus.

{¶15} Mr. Thomas testified that Mr. Kendall called him to ask for a ride. Mr. Thomas obliged, picking Mr. Kendall up and driving him to Kenmore. Mr. Kendall directed Mr. Thomas to drive to a location in Kenmore and stopped when Mr. Kendall told him to stop. Mr. Thomas said that a man approached Mr. Kendall's window and spoke to Mr. Kendall, but Mr. Thomas, concerned about the neighborhood, did not pay close attention to the conversation. Mr. Thomas also testified that he could not say whether Mr. Kendall and the other man exchanged anything but the conversation lasted less than one minute.

{¶16} Mr. Thomas testified that, after the other man walked away, he started to drive but was stopped by a police officer. According to Mr. Thomas, as the police approached the car, Mr. Kendall "was bent over * * * doing something in the car." Mr. Thomas thought Mr. Kendall "was trying to hide something underneath the seat." Mr. Thomas testified that the police pulled a

black case from his car and that he learned the case contained pills. According to Mr. Thomas, he believed that the pills were Mr. Kendall's "[b]ecause [Mr. Kendall] admitted to the police officer those were his pills when asked." On cross-examination, Mr. Thomas denied having ever seen the pills before.

{¶17} Officer Hornacek testified that, as he approached the car Mr. Kendall was sitting in, he saw Mr. Kendall make a movement as though he was reaching underneath his seat. Officer Hornacek testified that, based on Mr. Kendall's movements, he thought that Mr. Kendall was either reaching for a weapon or attempting to destroy evidence. When Officer Hornacek looked under Mr. Kendall's seat, he discovered the black container with controlled substances inside. He asked Mr. Kendall what he was doing in the area and if he had just bought the drugs, but Mr. Kendall denied that the drugs were his or knowing who owned the drugs.

{¶18} According to Officer Hornacek, Mr. Thomas told him that Mr. Kendall had asked for a ride to buy drugs and that Mr. Kendall had bought drugs from the man who came to the window. Officer Hornacek also testified that Mr. Thomas told him that, when he arrived, Mr. Kendall had attempted to hide what he had bought underneath his seat.

{¶19} While Officer Hornacek testified that Mr. Kendall denied that the drugs were his, when reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the State. Mr. Thomas and Officer Hornacek both testified that they saw Mr. Kendall reach under his seat as though he was attempting to hide or reach something as Officer Hornacek approach the car. When Officer Hornacek searched under Mr. Kendall's seat, he discovered a black container containing the controlled substances. Mr. Thomas also testified that Mr. Kendall admitted to the police that the drugs were his. Viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude that Mr. Kendall possessed the

box underneath his seat and, given that he was attempting to hide it, knew that it contained controlled substances. Accordingly, there was sufficient evidence to conclude that Mr. Kendall violated R.C. 2925.11(A) by possessing schedule II and schedule III substances.

{¶20} His second assignment of error is overruled.

ASSIGNMENT OF ERROR III

DEFENDANT'S CONVICTION FOR AGGRAVATED POSSESSION OF DRUGS AND POSSESSION OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶21} Mr. Kendall argues that his convictions for aggravated drug possession and possession of drugs were against the manifest weight of the evidence because Officer Hornacek testified that Mr. Kendall denied owning the drugs. We disagree.

{¶22} In reviewing a challenge to the weight of the evidence, the appellate court:

[m]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶23} Mr. Kendall argues that his convictions were against the manifest weight of the evidence because Officer Hornacek testified that Mr. Kendall denied ownership of the drugs. However, while Officer Hornacek's testimony contradicts Mr. Thomas's testimony that he heard Mr. Kendall admit to owning the drugs, they both testified that Mr. Kendall reached under his seat when Officer Hornacek approached the car, and there is no dispute that the container of drugs was found underneath Mr. Kendall's seat.

{¶24} Mr. Kendall also points to the fact that the car was Mr. Thomas' and that Mr. Thomas had been previously convicted for trafficking drugs. Mr. Kendall argues that the drugs

likely belonged to Mr. Thomas and, further, he did not have control over the container because it was not his car. While Mr. Kendall's argument is logical, the fact remains that two witnesses testified that, when police stopped the car, Mr. Kendall reached underneath his seat, which is where the container of drugs was found. Mr. Thomas denied having ever seen the drugs before Officer Hornacek pulled the container from underneath Mr. Kendall's seat. Based on the testimony of Officer Hornacek and Mr. Thomas, the jury, in resolving the credibility of the witnesses, could reasonably find that Mr. Kendall knew the drugs were there and had attempted to hide them, and, therefore, was in possession of the container.

{¶25} After a thorough review of the record, we cannot say that the jury lost its way and created a manifest miscarriage of justice when it found that Mr. Kendall violated R.C. 2925.11(A). Accordingly, his convictions for aggravated possession of drugs and possession of drugs are not against the manifest weight of the evidence.

{¶26} Mr. Kendall's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO MERGE THE TWO COUNTS FOR SENTENCING.

{¶27} Mr. Kendall argues that the trial court erred by sentencing him for allied offenses of similar import. In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id*. at syllabus. Because *Johnson* was decided after Mr. Kendall was sentenced, the trial court did not consider it. In light of our precedent, it is appropriate to remand this case so that the trial court can apply *Johnson* in the first instance. *See, e.g., State v. Creel*, 9th Dist. No. 25476, 2011–Ohio–5893, ¶ 4.

### III.

{¶28} Mr. Kendall's first, second, and third assignments are overruled. With respect to his fourth assignment of error, the judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

SARAH HULBURT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.