[Cite as *State v. George*, 2018-Ohio-3930.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0034-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYILER J. GEORGE | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16TRC06108 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant Tyiler George appeals from the judgment of the Medina Municipal Court. For the reasons set forth below, we affirm.

I.

{¶2} Shortly before three o'clock on the morning of November 6, 2016, Medina County Deputy Sheriff, Douglas Clinage, initiated a traffic stop of the vehicle driven by Mr. George. Deputy Clinage stopped the vehicle based on his observation of erratic driving and several traffic violations, including: multiple instances of the vehicle crossing over the marked lanes of the road, the vehicle jerking back into the lane, abruptly braking, traveling at varying speeds below the speed limit, and failing to properly navigate a left-hand turn. After Deputy Clinage initiated the stop, Mr. George parked his vehicle in the middle of the traffic lane, rather than using his signal or attempting to pull off to the side of the road.

{¶3} Upon approaching the vehicle, Deputy Clinage detected an odor of alcohol emanating from Mr. George's breath, and noticed that Mr. George had "bloodshot, glassy eyes" and that he was avoiding making eye contact. Mr. George informed Deputy Clinage that he had consumed three alcoholic beverages over the course of a few hours prior to the stop. After conducting field sobriety tests, Deputy Clinage placed Mr. George under arrest and transported him to the Medina County Sheriff's office.

{¶4} Mr. George was charged with operating a vehicle while under the influence in violation R.C. 4511.19(A)(1)(a), and for failure to operate on the right half of the roadway in violation of R.C. 4511.26(A). He entered a plea of not guilty to the charges and the matter ultimately proceeded to a jury trial. The jury found Mr. George guilty on both counts, and the trial court entered his convictions and sentenced him according to law. Mr. George has appealed, raising one assignment of error for our review.

II.

### Assignment of Error

**[Mr. George] was denied the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights when his trial counsel failed to timely file a motion to suppress evidence of the standardized field sobriety tests, failed to move for acquittal at the close of the State's case and at the close of all the evidence, failed to cross-examine the deputy on administration of the tests, and failed to object to the deputy's opinion testimony that, based on the field sobriety tests, he believed that [Mr. George] was under the influence of alcohol.**

{¶5} Mr. George asserts in his first assignment of error that his trial counsel was ineffective for failing to file a timely motion to suppress evidence of field sobriety tests, failing to move for acquittal, failing to cross-examine the deputy on the administration of the field sobriety tests, and failing to object to the deputy's opinion testimony that—based on the field sobriety tests—he believed Mr. George was under the influence of alcohol. We disagree.

{¶6}    To establish ineffective assistance of counsel, Mr. George must demonstrate (1) that counsel's performance was deficient, in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that counsel's deficient performance prejudiced the defense and deprived defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). This Court "need not address both prongs of the *Strickland* test should it find that [Mr. George] failed to prove either." *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

## A.  **Objection to officer's opinion**

{¶7}    Mr. George argues that trial counsel was ineffective based upon his failure "to object to [Deputy Clinage]'s testimony that, based on his administration of the [field sobriety tests], he believed that Mr. George was under the influence of alcohol." Mr. George contends that this failure to object was "plain error" because field sobriety tests do not show impairment, but, "[o]n the contrary, they show the likelihood that somebody would test over .08 BAC upon the number of clues observed by the officer."

{¶8}    His argument implies that the administration of field sobriety tests is somehow limited to establishing the probability that an individual's blood alcohol concentration will

exceed the legal limit. Thus, Mr. George suggests that in a case such as this, where blood alcohol concentration may not be at issue, an officer may not testify as to his belief that an individual was under the influence based on his administration of field sobriety tests. Mr. George appears to base this claim on a study he cited in footnote four of his brief, which was not otherwise made part of this record. He cites that study to state that standardized field sobriety tests were developed to provide reliable indications of a driver's blood alcohol concentration, rather than indications of driving impairment.

{¶9} Mr. George has not directed this Court to any relevant legal authority to support his claim that an individual's performance on field sobriety tests cannot be used to establish his impairment, or that an arresting officer may not testify as to his observations or offer his opinion in that regard. Mr. George has not developed an argument to demonstrate that the testimony of Deputy Clinage was improper, nor has he established that trial counsel's failure to object constitutes deficient performance. Furthermore, Mr. George has not demonstrated that the outcome of the trial would have been different if counsel objected to the officer's opinion and, therefore, we cannot conclude that trial counsel was ineffective on this basis.

**B. Cross-examination of officer**

{¶10} Mr. George also argues that trial counsel's performance was deficient because he failed to sufficiently challenge the field sobriety tests upon cross-examination of Deputy Clinage. Mr. George asserts that "[c]ounsel could have and should have pointed out the deputy's lack of instructions and improper instructions on the administration of the field sobriety tests as argued herein." In support of this argument, Mr. George suggests examples of questions that trial counsel could have asked Deputy Clinage in an effort to establish that Deputy Clinage failed to give Mr. George certain instructions during the administration of those tests.

{¶11} "'The extent and scope of cross-examination clearly fall within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel.'" *State v. Butler*, 9th Dist. Summit No. 23786, 2008-Ohio-781, ¶ 22, quoting *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146. The record reflects that, on cross-examination, counsel questioned Deputy Clinage regarding his interactions with Mr. George during the traffic stop. In response to counsel's question, Deputy Clinage agreed that Mr. George was cooperative with all requests during the stop and that "[h]e was a gentleman." Trial counsel also cross-examined Deputy Clinage regarding his administration of the field sobriety tests, Mr. George's performance on those tests, and his impression of Mr. George on the "bodycam" video recording of the stop. Counsel further questioned him on Mr. George's ability to follow instructions during the administration of field sobriety tests, and Deputy Clinage agreed that Mr. George followed all the instructions correctly.

{¶12} Mr. George has not established that trial counsel's cross-examination of Deputy Clinage was unsound trial strategy, or that counsel's performance was deficient for neglecting to focus on any particular line of questioning. We conclude that Mr. George has not demonstrated deficient performance in counsel's cross-examination, and we cannot conclude that trial counsel was ineffective on this basis.

## C. **Failure to move for acquittal**

{¶13} Mr. George contends that trial counsel was ineffective when he failed to move for acquittal at the close of the State's case and again at the close of all the evidence. In support of this argument, Mr. George claims trial counsel should have moved to strike Deputy Clinage's testimony relating to the field sobriety tests. Had counsel so moved, Mr. George argues, the trial court would have stricken the testimony because Deputy Clinage "never testified as to what

standardized field sobriety tests he was complying with when he administered the tests to Mr. George." (Emphasis omitted.) Mr. George contends, based on his assumption that a motion to strike would have been granted, "the trial court would not have considered [Deputy Clinage]'s testimony regarding the field sobriety tests in determining whether sufficient evidence had been presented by the State to sustain a conviction."

{¶14} Although defense counsel will customarily move for acquittal "as a matter of course to test the sufficiency of the state's evidence," the decision not to move for acquittal does not necessarily render trial counsel's performance deficient. *State v. Fetter*, 9th Dist. Wayne No. 03CA0012, 2003-Ohio-5778, ¶ 21, quoting *State v. Scott*, 6th Dist. Sandusky No. S-02-026, 2003-Ohio-2797, ¶ 21. Initially we note that trial counsel did not simply neglect to move for acquittal pursuant to Crim.R. 29. The record clearly reflects that trial counsel deliberately chose not to move for acquittal. At the close of evidence, trial counsel stated: "No Rule 29, your Honor." He then stated, "I'm not going to fight[…] I'm not going to[…] move for a Rule 29." Mr. George has not developed an argument to overcome the presumption that the decision to forego the motion was part of counsel's trial strategy.

{¶15} Furthermore, where there exists sufficient evidence to support a conviction, "a criminal defendant is not prejudiced by his trial counsel's failure to move for [acquittal]; thus, failure to move for [acquittal] when there is sufficient evidence to convict is not ineffective assistance of counsel." *State v. Jones*, 9th Dist. Summit No. 21789, 2004-Ohio-4326, ¶ 16. Mr. George does not directly challenge that a motion was warranted because the evidence was insufficient to sustain a conviction. Instead, he makes the speculative assumption that a motion for acquittal would have been granted in the event that trial counsel had also successfully moved to exclude portions of Deputy Clinage's testimony. Mr. George has not shown that Deputy

Clinage's testimony should have been stricken, nor has he demonstrated that a motion for acquittal could have been successful. Accordingly, we concluded that Mr. George has not established that he was prejudiced by trial counsel's decision not to move for acquittal, we cannot conclude that trial counsel was ineffective on this basis.

## D. **Motion to suppress**

{¶16} Mr. George argues that trial counsel was ineffective for failing to timely file a motion to suppress evidence of the standardized field sobriety tests. He asserts that trial counsel did file an untimely motion to suppress, lacking a certificate of service, and that the trial court denied the motion on that basis. Mr. George argues that evidence of the standardized field sobriety tests would have been suppressed if the motion had been properly filed. This argument disregards the fact that the untimely motion trial counsel filed was based on grounds distinct from those argued in this appeal and, therefore, it is not relevant to our review. Nevertheless, this Court must still determine whether trial counsel was ineffective for not moving to suppress evidence of the standardized field sobriety tests.

{¶17} The "[f]ailure to file a suppression motion does not constitute per se ineffective assistance of counsel." *State v. Madrigal,* 87 Ohio St.3d 378, 389 (2000), quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65. "Counsel's decision not to file a motion to suppress may be a matter of trial strategy, including counsel's reasonable assessment of whether such a motion is likely to succeed and recognition that filing a motion to suppress has risks." *State v. Kendall,* 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 7.

"Furthermore, * * * a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted" in order to establish prejudice. *Id.*

{¶18} In his brief, Mr. George contends that *at trial* "the State failed to show by clear and convincing evidence that the three [field sobriety] tests were done in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered[.]" Based upon his claim that *at trial* "the prosecution did not introduce *any* evidence of standardized field sobriety tests then in effect * * *", Mr. George speculates, "it is also likely that such tests would not have been introduced at a suppression hearing" and, therefore, the field sobriety tests would have been excluded based on this lack of evidence. Presuming that the tests would have been excluded, Mr. George then asserts that there would have been a lack of probable cause for his arrest, and "this case would not have made it to trial because the State would not have been able to proceed[.]" This tenuous argument relies upon unsubstantiated theories about what might have occurred at a suppression hearing, and there is simply no basis in the record to support such claims.

{¶19} Alternatively, Mr. George argues that, even if the State had established that the field sobriety tests were reliable, credible, and generally accepted, the trial court would have excluded two of the tests because Deputy Clinage "did not administer those tests in substantial compliance with his training." To support this argument, Mr. George references the copy of the National Highway Safety Administration Participant's Manual for DWI Detection and Standardized Field Sobriety Testing attached to his brief. This manual, which is essential to Mr. George's argument, was not made part of the record below. Because this Court cannot consider evidence outside of the record in this appeal, we cannot conclude that trial counsel was ineffective on this basis. *See State v. Anderson*, 9th Dist. Summit No. 26600, 2013-Ohio-2786, ¶

12, *see also State v. Mencini*, 9th Dist. Summit No. 27322, 2015-Ohio-89, ¶ 21 ("Without any standards in the record * * *, it is impossible for this Court to determine whether the test was given in substantial compliance.").

{¶20} We conclude that Mr. George has not established that such a motion would have been successful and, therefore, we cannot say that Mr. George's defense was prejudiced by trial counsel's performance. Accordingly, we overrule his assignment of error.

III.

{¶21} Although a review of the body-cam video causes this Court grave concern about the weight of the evidence in this case, unfortunately we are constrained to limit our review to the four issues raised in the sole assignment of error. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 30 ("App.R. 12(A)(1)(b) mandates that an appellate court '[d]etermine the appeal on its merits on the assignments of error[.]'"). We also note that the dissent identifies trial counsel's failure to present an expert to introduce the breathalyzer results in this case as an indication of ineffective assistance of counsel. While we recognize that trial counsel chose not to obtain an expert witness to introduce the results of the breathalyzer, Mr. George did not raise this as an issue on appeal and we must again point out that we are constrained by the assignments of error before us. Having concluded that Mr. George did not establish ineffective assistance of counsel by the issues raised in his appellate brief, his sole assignment of error is hereby overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶22} I respectfully dissent.

{¶23} Upon reviewing the record in this matter, a compelling case can be made that the weight of the evidence weighs against George's conviction for operating a vehicle while under the influence of alcohol. Notably, however, this Court's analysis is somewhat constrained by the fact that George has not challenged either the sufficiency or weight of the evidence on appeal. *See* App.R. 12(A)(1)(b).

**{¶24}** With respect to the majority's resolution of George's ineffective assistance claim, I respectfully dissent. At trial, George admitted that the traffic violations that he committed were a result of texting while driving. While George acknowledged that texting while driving was inexcusable, he maintained that his erratic driving was not connected to alcohol consumption. His position is supported by the video. George was composed and articulate throughout the course of the ensuing stop. The video demonstrated that George exited his car and walked normally. He asked and answered questions appropriately without any slurred speech. His eyes did not appear to be bloodshot. As noted by the majority, the arresting officer testified that he was "a gentleman." Yet, despite the fact that there were questions regarding whether the field sobriety tests were performed in substantial compliance with the NHTSA manual standards and, further, whether the results of the tests actually supported the arresting officer's conclusion that George was impaired, defense counsel failed to file a timely a motion to suppress challenging the field sobriety tests. The failure to challenge the field sobriety tests is particularly significant given that George submitted to the breathalyzer test and the results were below the legal limit. Moreover, with respect to the trial, perhaps one of the more compelling pieces of evidence in George's favor was that the breathalyzer test results were, in fact, below the legal limit. The trial judge informed defense counsel that he could admit the breathalyzer results on the condition that the result was accompanied by expert testimony. Defense counsel declined to call an expert and the breathalyzer results were not admitted.

**{¶25}** I believe this case presents the rare scenario where trial counsel's performance was deficient and the result below would have been different but for trial counsel's ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In light of the foregoing, I respectfully dissent.

APPEARANCES:

DAVID C. SHELDON, Attonrey at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.