[Cite as *State v. Palmer*, 2023-Ohio-4110.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

DARIUS PALMER

    Appellant

C.A. No.    30496

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2020-12-3742

DECISION AND JOURNAL ENTRY

Dated: November 15, 2023

STEVENSON, Judge.

{¶1}    Defendant-Appellant, Darius Palmer, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Palmer was a passenger in a vehicle the police stopped. His cousin was driving the vehicle, a second man was seated in the front passenger's seat, and a third man was seated in the back seat on the driver's side. Mr. Palmer was seated in the back seat on the passenger's side.

{¶3}    An officer placed the driver in custody while a second officer observed the passengers. Unlike the driver and the other passengers, Mr. Palmer appeared "pretty nervous" and was acting "real fidgety." Officers ultimately ordered him and the other passengers to roll down their windows and exit the vehicle. Mr. Palmer responded by partially rolling down his window, opening his vehicle door, stepping outside, and briefly complying with a command to place his hands on his head. He then lowered his hands and shut his door before replacing them on his head.

When an officer looked through Mr. Palmer's partially opened window, he immediately saw a handgun sticking out of the seat pocket attached to the back of the front passenger's seat (i.e., the pocket that would have been directly in front of Mr. Palmer while he was seated inside the vehicle). The officers then arrested Mr. Palmer.

{¶4}    Mr. Palmer was indicted on one count of improperly handling a firearm in a motor vehicle. A jury found him guilty, and the court sentenced him to two years of community control.

{¶5}    Mr. Palmer now appeals from his conviction and raises one assignment of error for review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT DARIUS PALMER'S RIGHT TO DUE PROCESS OF LAW WHERE THE COURT ENTERED A GUILTY VERDICT AGAINST PALMER FOR THE CHARGE OF IMPROPERLY HANDLING FIREARMS IN A MOTOR VEHICLE, IN THE ABSENCE OF SUFFICIENT EVIDENCE, CONTRARY TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.

{¶6}    In his assignment of error, Mr. Palmer argues his conviction for improperly handling a firearm in a motor vehicle is based on insufficient evidence. Specifically, he argues the State failed to prove the element of possession. We disagree.

{¶7}    Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A sufficiency review does not "resolve evidentiary conflicts or assess the credibility of witnesses *

* *." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10. Sufficiency "concerns the State's burden of production and is, in essence, a test of adequacy." *State v. Wilk*, 9th Dist. Medina No. 22CA0008-M, 2023-Ohio-112, ¶ 9.

{¶8} A person is guilty of improperly handling a firearm in a motor vehicle if he "knowingly transport[s] or [has] a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B). "The State may prove that a person knowingly transported or had a loaded firearm by setting forth evidence that the person had actual or constructive possession of the firearm." *State v. Boggs*, 9th Dist. Lorain No. 19CA011453, 2020-Ohio-616, ¶ 10. "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Kendall*, 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 14, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. "Presence in the vicinity of an item, standing alone, does not establish constructive possession, but other factors taken together—such as proximity to the item in plain view or knowledge of its presence—may be circumstantial evidence of possession." *State v. Moore*, 9th Dist. Summit No. 28792, 2019-Ohio-1872, ¶ 9.

{¶9} Officer Ryan Westlake was patrolling the area of Copley Road with his partner when they saw a small vehicle with illegally tinted windows speed by. They followed the vehicle to a parking lot and initiated a traffic stop. The illegally tinted windows prevented Officer Westlake from seeing inside the vehicle, but he spoke with the driver and learned the driver was not carrying his license. He removed the driver from the vehicle, placed him in his cruiser, and returned to the vehicle to speak with its three remaining occupants.

{¶10} When he returned to the driver's door, Officer Westlake spotted a bag containing marijuana residue lying on the center console. He and his partner decided to have the passengers exit the vehicle to perform a probable cause search. He instructed the passengers to roll down their windows but testified that Mr. Palmer only partially rolled down his window. Officer Westlake's partner ultimately patted down Mr. Palmer while Officer Westlake peered through Mr. Palmer's partially opened window. As soon as he looked through the window, he saw the handle of a gun sticking out of the seat pocket attached to the back of the front passenger's seat. He testified the gun was immediately apparent to him because its entire handle was sticking out. When he asked Mr. Palmer about the gun, Mr. Palmer denied ownership and claimed he did not know anything about it.

{¶11} Officer Robert Churchwell confirmed that he and Officer Westlake stopped the vehicle in which Mr. Palmer was a passenger. Officer Churchwell remained with the vehicle while Officer Westlake removed the driver and placed him in his cruiser. He testified that, of the four occupants in the vehicle, Mr. Palmer was the only one who appeared nervous. He observed that Mr. Palmer was "real fidgety." He had difficulty remaining still, kept looking around, and kept touching his face.

{¶12} Officer Churchwell testified that Mr. Palmer exited the vehicle when they asked him to do so. He asked Mr. Palmer to place his hands on his head for a pat down, and Mr. Palmer initially complied. Mr. Palmer's hands were only on his head for a second, however, when he lowered them to shut his vehicle door. Mr. Palmer then placed his hands back on his head. Officer Churchwell testified that he found Mr. Palmer's behavior "[v]ery odd."

{¶13} As Officer Churchwell began Mr. Palmer's pat down, Officer Westlake peered into the vehicle and instructed him to arrest Mr. Palmer. Officer Churchwell secured Mr. Palmer inside

a patrol car, returned to the vehicle, and looked inside. He immediately saw a gun when he looked in the area where Mr. Palmer had been sitting. He testified the entire back of the gun was visible as it stuck out of the seat pocket attached to the back of the front passenger's seat. Although Mr. Palmer denied the gun was his, Officer Churchwell testified that they charged Mr. Palmer because he "was in such close proximity to the firearm * * * [he] would have known it was there." He elaborated that the backseat of the car was so small that Mr. Palmer's legs would have been "inches away" from it.

{¶14} Mr. Palmer argues his conviction is based on insufficient evidence because the State failed to prove he had actual or constructive possession of the gun. He notes there was no evidence he owned the gun, actively tried to conceal it, or touched it. Rather, the State only proved his proximity to the gun. Because mere proximity is insufficient to prove possession, Mr. Palmer argues, there was insufficient evidence to establish his guilt.

{¶15} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved the element of possession beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. Testimony established the gun was in plain view when officers looked inside the vehicle and located only "inches away" from where Mr. Palmer's legs had rested. *See Moore*, 2019-Ohio-1872, ¶ 9 (proximity to an item in plain view may be circumstantial evidence of possession). Officer Churchwell observed Mr. Palmer acting nervous and fidgeting while the other passengers appeared calm. *See State v. Coleman*, 9th Dist. Summit Nos. 28640, 28641, 2018-Ohio-1923, ¶ 25-27. Moreover, there was testimony that he only partially rolled down his window when asked to do so and paused in the middle of placing his hands on his head to shut his vehicle door. The jury reasonably could have inferred that he engaged in both acts because he was trying to conceal the gun from the police. Upon review, Mr.

Palmer has not shown that his conviction for improperly handling a firearm in a motor vehicle is based on insufficient evidence. As such, his assignment of error is overruled.

### III.

{¶16} Mr. Palmer's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.