[Cite as *State v. Harris*, 2024-Ohio-196.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 23CA0012-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK J. HARRIS | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. CRB 2200263 |

DECISION AND JOURNAL ENTRY

Dated: January 22, 2024

FLAGG LANZINGER, Judge

{¶1} Mark Harris, defendant-appellant, appeals his conviction from the Wadsworth Municipal Court. This Court affirms.

I.

{¶2} On May 18, 2022, Harris was charged with one count of theft in violation of R.C. 2913.02, a misdemeanor in the first degree. The matter proceeded to a jury trial wherein the following evidence was adduced.

{¶3} The State called Harris's ex-wife, C.F., who testified that Harris took their daughter's cell phone as parental discipline. C.F. did not disagree with Harris's decision to take the phone. C.F. testified that she is the legal owner of the phone and has a contract with Verizon to pay for the phone and phone service. C.F. testified that when she requested Harris give her the phone, he "outright refused to return it * * *." C.F. further testified that Harris said, "if [she] needed

it, it's probably in the trash." After searching her trash receptacles, and again requesting Harris return the phone, she called Wadsworth Police.

{¶4}   The State called Officer Wanchisn, who testified that she responded to the dispatch relating to the dispute over the cell phone. Officer Wanchisn testified that Harris "admitted that he took [the phone.]" Officer Wanchisn testified that Harris indicated that the cellphone was "in or around the house." Officer Wanchisn testified that she heard C.F. "ask[] for [the cellphone] back while we were on-scene." Additionally, Officer Wanchisn testified that she also requested Harris return the phone to C.F.

{¶5}   The State called Officer McFadden, who testified that he arrived on the scene shortly after Officer Wanchisn. Officer McFadden's body-camera footage showed Harris saying to C.F. "She was supposed to take me somewhere. When she takes me where she was going to take me, she'd have found out where the phone was at." C.F. also testified that Harris told her "[t]hat if [she] did what he wanted [her] to do, then he would give [her] the phone back."

{¶6}   The jury found Harris guilty of the theft. The trial court sentenced Harris to 180 days in jail with 180 days suspended, two years non-reporting probation, restitution in the amount of $535.15, and a fine of $150. Harris now appeals raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF GUILTY AS TO THEFT.**

{¶7}   In his first assignment of error, Harris argues that his conviction was not based on sufficient evidence. We disagree.

{¶8}   Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). A challenge to the

sufficiency of the evidence concerns the State's burden of production and is, in essence, a test of adequacy. *In re R.H.*, 9th Dist. Summit No. 28319, 2017-Ohio-7852, ¶ 25; *Thompkins* at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. However, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio73, ¶ 10.

{¶9} The jury found Harris guilty of theft. R.C. 2913.02(A)(2) provides in relevant part that "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [b]eyond the scope of the express or implied consent of the owner * * *." R.C. 2913.02(A)(2).

{¶10} Harris argues that the State did not prove (1) that he intended to permanently deprive C.F. of the possession of the cellphone, and (2) that he knowingly exerted control of the cellphone because he had lost it prior to when C.F. requested he return it.

{¶11} As set forth in this Court's recitation of the State's evidence at trial, the State presented evidence that Harris took C.F.'s cellphone. The State presented evidence that C.F. and Officer Wanchisn both requested that Harris return the phone to C.F. Additionally, the State presented evidence that Harris indicated that the cellphone was "in or around the house." The State presented testimony and body-camera footage that Harris would return the cellphone if C.F. did what he wanted her to do.

{¶12} Harris argues that the State did not prove intent to permanently deprive C.F. of her cell phone. However,

"the common usage of the term 'theft' under R.C. 2913.02 requires an individual to knowingly exert or obtain control over the property of another with the purpose to deprive the owner. Pursuant to R.C. 2913.01(C)(3), 'deprive' means to 'accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration." As the definition indicates, intent to permanently deprive the owner of the property is no longer a necessary element of a theft offense."

*State v. Davis*, 9th Dist. Summit No. 23387, 2007-Ohio-1131, ¶ 17, quoting *Columbiana Cty. Bd. of Commrs. v. Nationwide Ins. Co.*, 130 Ohio App.3d 8, 17 (7th Dist.1998). The jury heard testimony from Officers Wanchisn and McFadden that Harris admitted to taking C.F.'s cellphone. Additionally, the jury heard testimony that C.F. requested Harris return the phone and he refused. We find that Harris's argument that the evidence did not show he intended to permanently deprive C.F. of her cellphone to be without merit.

{¶13}  Harris also argues the State did not prove he continued to exercise control of C.F.'s cellphone.  He asserts that he lost the cell phone, therefore he was not able to exert control over C.F.'s cellphone. However, body-camera footage for Officer McFadden showed Harris saying to C.F. "[t]ake me where I want to go and get the phone back." This statement by Harris implies that he knows where the phone is located, even if it was not on his person. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Palmer*, 9th Dist. Summit No. 30496, 2023-Ohio-4110, ¶ 8, quoting *State v. Kendall*, 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 14. We find that Harris's argument that the evidence did not show he continued to exercise control of C.F's cellphone to be without merit.

{¶14}  After reviewing the evidence in a light most favorable to the State, this Court concludes that a rational trier of fact could have found that the essential elements of theft were proved beyond a reasonable doubt. Harris's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**APPELLANT'S CONVICTION AS TO THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶15}** In his second assignment of error, Harris challenges the weight of the evidence presented at trial.

**{¶16}** When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, paragraph three of the syllabus (1st Dist.1983).

**{¶17}** In his second assignment of error, Harris reiterates verbatim his arguments from his first assignment of error that the State did not prove (1) that he intended to permanently deprive C.F. of the possession of the cellphone, and (2) that he knowingly exerted control of the cellphone because he had lost it prior to when C.F. requested he return it.

**{¶18}** Harris's arguments lack merit. As set forth in this Court's recitation of the State's evidence at trial, the State presented evidence that Harris took C.F.'s cellphone. The State presented evidence that C.F. and Officer Wanchisn both requested that Harris return the phone to C.F. Additionally, the State presented evidence that Harris indicated that the cellphone was "in or around the house." The jury heard testimony and watched body-camera footage that Harris would return the cellphone if C.F. did what he wanted her to do.

**{¶19}** The jury could reasonably infer that Harris took C.F.'s cell phone, placed it somewhere, knew where it was, and used it as leverage to have C.F. do what he wanted. The jury was free to believe the State's version of the events, which was supported by the testimony of multiple witnesses. *See State v. Mattle*, 9th Dist. Summit No. 30262, 2023-Ohio-1352, ¶ 22, quoting *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20 (stating that a trier of fact is "free to believe all, part, or none of the testimony of each witness."). This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events. *State v. Steible*, 9th Dist. Lorain No. 21CA011787, 2023-Ohio-281, ¶ 20 ("[T]his Court has repeatedly held that the trier of fact is in the best position to evaluate the credibility of the witnesses and we will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe certain witnesses' testimony."). Having reviewed the record, this Court concludes that this is not the exceptional case in which the evidence weighs heavily against Harris's conviction. *Otten*, 33 Ohio App.3d at 340. Accordingly, Harris's second assignment of error is overruled.

### III.

**{¶20}** Harris's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

BRADLEY J. PROUDFOOT, Assistant Director of Law, for Appellee.