[Cite as *State v. Vanest*, 2017-Ohio-5561.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28339 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGELA VANEST | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 15 CRB 2699 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2017

CALLAHAN, Judge.

**{¶1}** Appellant, Angela Vanest, appeals from her conviction for child endangering in the Barberton Municipal Court. For the reasons set forth below, this Court affirms.

I.

**{¶2}** Ms. Vanest was indicted for child endangering involving her 11-year-old daughter, E.V. She proceeded to a bench trial and was found guilty.

**{¶3}** Ms. Vanest has timely appealed her conviction and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING ANGELA VANEST GUILTY OF CHILD ENDANGERING AS CONTAINED IN ORC 2919.22(A) AS THE STATE DID NOT PROVIDE SUFFICIENT EVIDENCE FOR THE FINDING OF SAME AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} As stated in her sole assignment of error, Ms. Vanest challenges both the sufficiency and manifest weight of the evidence. This Court will address these arguments separately.

**Sufficiency of the Evidence**

{¶5} Ms. Vanest argues that there is insufficient evidence to uphold her conviction for child endangering. Specifically, Ms. Vanest argues the State did not prove that 1) she created a substantial risk to the health or safety of E.V., and 2) she violated her duty of care or protection to E.V. or had custody and control of E.V. The State did not present any arguments regarding sufficiency of the evidence. Nonetheless, this Court disagrees with Ms. Vanest.

{¶6} "'[This Court] review[s] a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276, ¶ 6, quoting *State v. Frashuer*, 9th Dist. Summit No. 24769, 2010-Ohio-634, ¶ 33. When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶7} A sufficiency challenge to a criminal conviction presents a question of law, which the appellate court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v.*

*Trifari*, 9th Dist. Medina No. 08CA0043-M, 2009-Ohio-667, ¶ 12. Although the standard of review is de novo, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact. *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶8} Ms. Vanest was found guilty of child endangering. The child endangering statute states "[n]o person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2919.22(A). Although not stated in R.C. 2919.22(A), recklessness is the culpable mental state for the crime of child endangering. *State v. McGee*, 79 Ohio St.3d 193 (1997), syllabus.

{¶9} Thus, to support a conviction for child endangering under R.C. 2919.22(A), it must be established, beyond a reasonable doubt, that Ms. Vanest (1) having custody or control over E.V., a child under 18 years of age, (2) recklessly (3) created a substantial risk to the health or safety to her daughter, E.V., (4) by violating a duty of care, protection or support. Ms. Vanest does not challenge the State's evidence as to the culpable mental state.

### Created a substantial risk to the health or safety of a child

{¶10} A substantial risk involves a "strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). The evaluation of the likelihood of a risk is a fact-intensive inquiry. *State v. Hartley*, 194 Ohio App.3d 486, 2011-Ohio-2530, ¶ 29 (1st Dist.).

{¶11} Ms. Vanest argues that having her 11-year-old daughter riding with her as a passenger in a van driven by a 12-year-old did not create a substantial risk, because by all accounts the 12-year-old drove "safely" and no one was hurt. This argument fails because child

endangering under R.C. 2919.22(A) does not require an actual injury. *See State v. Kamel*, 12 Ohio St.3d 306, 308 (1984); *State v. Voland*, 99 Ohio Misc.2d 61, 72 (C.P.1999) ("The lack of eventual injury to the child does not negate the 'significant possibility' or risk in child endangering."). A child endangering conviction may be based upon isolated incidents or even "a single rash decision" in which a parent recklessly puts his or her child's health or safety at risk. *State v. James,* 12th Dist. Brown No. CA2000-03-005, 2000 WL 1843196, *2 (Dec. 18, 2000). This section of the statute is concerned with acts of omission and instances of neglect. *Kamel* at 308-309; *see State v. Sammons*, 58 Ohio St.2d 460, 463 (1979).

{¶12} This case involves an isolated incident wherein the State alleges that Ms. Vanest recklessly put her 11-year-old daughter's health or safety at substantial risk by failing to act. Ms. Vanest and her fiancé took their respective daughters from prior marriages to a restaurant to celebrate the couple's recent engagement. The adults split a pitcher of margaritas. According to her fiancé's testimony, Ms. Vanest told him she wanted to have a couple of drinks and asked him to drive her van. The request was not unusual, because her fiancé "usually always drive[s] [] the car when [they are] together."

{¶13} The fiancé conceded they were both drunk when they left the restaurant. A.N., the fiancé's daughter, testified that both her father and Ms. Vanest were drunk. E.V., Ms. Vanest's daughter, first testified that her mom and her fiancé were tired. However, on redirect, her written statement taken by the sheriff was admitted into evidence wherein she said her mom was drunk.

{¶14} Ms. Vanest got into the front passenger seat of the van, and her daughter got into the backseat on the driver's side. At the same time, unbeknownst to Ms. Vanest, her fiancé and

A.N. were discussing who would drive home. There was conflicting testimony regarding whether A.N. volunteered or her father asked her to drive them home.

{¶15} A.N. got into the driver's seat and her father got into the backseat on the passenger's side and handed her the keys. All of the witnesses agree that Ms. Vanest protested to A.N. driving. Her fiancé recounted the argument that ensued:

> [Prosecutor]: * * *. I'd like for you to describe the demeanor of [Ms. Vanest] while this is going on. Was she just calm saying this shouldn't take place?
>
> [Fiancé]: No, as soon as I handed the keys to [A.N.] [Ms. Vanest] turned around and said, "What's going on?"
>
> I said, "Just relax. [A.N. is] going to drive us home."
>
> She goes, "No, she's not."
>
> I said, "Yeah, she is. Just sit there and we'll make it home, we're a mile down the road."
>
> And – and, you know she gave me dirty looks and then she said, "We'll talk about this *if we get home*." She goes, "This is wrong."

(Emphasis added.) Ms. Vanest's statements during the ensuing argument acknowledged, not only the substantial risk of safety to E.V. in that situation, but also her understanding of the substantial risk. Despite her acknowledgement of the substantial risk, Ms. Vanest took no further action to stop A.N.

{¶16} The argument ended. A.N. started the van and pulled out of the parking space. As A.N. turned out of the parking lot and onto Interstate Parkway, Ms. Vanest reached out to guide the steering wheel. E.V. testified that her mother seemed fine after that for the duration of the ride home, however E.V. was nervous being driven home by A.N.

{¶17} A.N. testified that she was 12 years old and admitted she did not have a driver's license and was not old enough to drive. Additionally, she and her father both admitted she had

never driven a vehicle before. According to A.N., her only experience behind the steering wheel of a car was sitting on her dad's lap when she was little. A.N. admitted she did not think her dad was serious when he handed her the keys to drive home, but was "kind of" "excited to drive." She testified that she drove slow and kept her hands on the steering wheel.

{¶18} A few days later, E.V.'s father learned of this incident from E.V.'s oldest sister. He contacted the Summit County Sheriff's Department and Deputy Byron Cadwell was assigned to investigate. Deputy Cadwell testified that his investigation revealed A.N.'s route from the restaurant to home involved driving on Interstate Parkway, Arlington Road, and Boettler Road in Green, Ohio. The map prepared from Deputy Cadwell's investigation also showed the route included East Turkeyfoot Lake Road, Fortuna Drive, and one other street that was not identified by name on the map. Deputy Cadwell categorized the route as taking place on "main streets" and "public roadways" and the distance traveled was "a little over two miles."

{¶19} This incident occurred on Thursday, November 12, 2015 at approximately 10:00 p.m. It was dark outside when A.N. drove everyone home.

{¶20} Based on the foregoing testimony, the State presented evidence that Ms. Vanest created a substantial risk to the health or safety of her daughter, E.V. There is no dispute that A.N. is a non-experienced and unlicensed driver who was placed in a precarious position. The adults in the vehicle were drunk and the other passenger was younger than A.N. Thus, the three other persons in the van were incapable of providing any oversight or guidance to A.N.

{¶21} The more than two-mile drive occurred at night, in the dark. A major portion of the route included "main streets" in the city of Green. The vehicle driven by A.N. was a van, which is a large vehicle to maneuver. While A.N. eventually arrived at the final destination without incident, and no harm came to E.V., those facts do not negate the inherent substantial

risk to the health or safety of E.V. present in the scenario of a non-experienced, unlicensed, 12-year-old driving a van late at night on main streets for over two miles. *See Kamel*, 12 Ohio St.3d at 308; *see Voland*, 99 Ohio Misc.2d at 72. Even A.N.'s father conceded on cross-examination by the State that this situation could "cause[] a risk of health and safety to everyone in the [van]."

**{¶22}** Ms. Vanest's failure to act was evident two separate times that evening. Ms. Vanest shared a pitcher of margaritas with her fiancé knowing that he agreed to drive them home. She knew how much her fiancé drank and could not have reasonably expected that he was going to safely drive them home. Nonetheless, apparently assuming her intoxicated fiancé was going to drive them home, she got into the van with E.V. without a second thought.

**{¶23}** Although her fiancé testified that he is "the man of the family" and "what [he] say[s] pretty much goes," he speculated that the result of Ms. Vanest not doing what he said would be a future argument at home and "go[ing] to bed mad." Apparently, Ms. Vanest chose to risk her daughter's health and safety rather than another argument with her fiancé after which they would "go to bed mad."

**{¶24}** Ms. Vanest's Crim.R. 29 motion and her arguments in her brief allege the State failed to establish that she "did anything *proactive* to create the situation." (Emphasis added.) While this is an accurate statement of the evidence, it is not an accurate application of the law. As previously stated, child endangering pursuant to R.C. 2919.22(A) can be proven by acts of omission. *See Kamel*, 12 Ohio St.3d at 308-309; *see Sammons*, 58 Ohio St.2d at 463. Despite her objections and acknowledgement that it was "wrong," Ms. Vanest took no action to stop A.N. from driving everyone, including E.V., home in her van. Nor did Ms. Vanest take any action prior to boarding the van to insure her daughter's safe passage home despite witnessing her fiancé, the designated driver, drink half a pitcher of margaritas. Undertaking the necessary

fact-specific inquiry, the testimony reflects sufficient evidence to prove beyond a reasonable doubt that Ms. Vanest's acts of omission created a substantial risk to the health or safety to her daughter, E.V. *See Hartley*, 2011-Ohio-2530 at ¶ 29.

**{¶25}** Viewing the evidence in a light most favorable to the State as to the child endangering charge, there is sufficient evidence for a rational trier of fact to have found the essential element of creating a substantial risk to the health or safety of a child proven beyond a reasonable doubt. *See Jenks,* 61 Ohio St.3d 259, at paragraph two of the syllabus. Ms. Vanest's assignment of error as it pertains to the sufficiency of the evidence regarding this element is overruled.

### Violation of a duty of care or protection / Custody and control

**{¶26}** Ms. Vanest challenges, for the first time, the sufficiency of the evidence regarding her violation of her duty of care or protection to E.V. and who had custody and control of E.V. that evening. She argues at length that she did not violate her duty of care or protection of E.V., because the evidence showed that she complied with her duty of care or protection of her daughter when she assigned her duty to her fiancé. According to Ms. Vanest, E.V. was in the custody and control of her fiancé, thus he had a duty of care or protection to E.V. to transport her safely home on that evening. However, Ms. Vanest did not assert these arguments at trial in her Crim.R. 29 motion. Instead, her Crim.R. 29 motion was based solely on the State's failure to prove that she created a substantial risk:

> I'd like to make a Rule 29 motion. And a part of what – the essential part would show that my client created a substantial risk and I don't think that they've met that burden of proof beyond a reasonable doubt that my client did anything proactive to create the situation. So for those reasons I'm asking the court to –.

**{¶27}** This Court has repeatedly held that when an appellant sets forth specific grounds in a Crim.R. 29 motion, she forfeits all other arguments on appeal. *State v. Partee*, 9th Dist.

Summit No. 23643, 2007-Ohio-5114, ¶ 22, citing *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 8, citing *State v. Swanner*, 4th Dist. Scioto No. 00CA2732, 2001 WL 548719, *6 (May 18, 2001); *State v. Cayson*, 8th Dist. Cuyahoga No. 72712, 1998 WL 241949, *2 (May 14, 1998), citing *United States v. Dandy*, 998 F.2d 1344, 1356-1357 (6th Cir.1993) (stating that "[a]lthough specificity of grounds is not required in a [Crim.R. 29] motion, where a [Crim.R. 29] motion is made on specific grounds, all grounds not specified are waived." (Citation omitted.)).  Because Ms. Vanest asserted a specific ground for her Crim.R. 29 motion, but did not include an argument regarding violation of her duty of care or protection or custody and control of E.V., she has forfeited these arguments. Therefore, this Court is precluded from addressing Ms. Vanest's sufficiency arguments regarding the violation of her duty of care or protection and who had custody and control of E.V.

**{¶28}** Additionally, this Court cannot address these arguments because Ms. Vanest failed to support her arguments with legal authority.  *See* App.R. 16(A)(7).  While Ms. Vanest set forth the statutes for child endangering, substantial risk, and recklessly in her brief, she did not set forth any other case law or statutes or rules regarding the elements of violation of a duty of care or protection or custody and control.  Nor did she state there is no case law and it is a matter of first impression.  Instead, she put forth a litany of rhetorical and hypothetical questions regarding when a parent violates a duty of care or protection and who has custody and control of the child.

**{¶29}** "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and *to legal authority*." (Emphasis added.) *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). Rhetorical and hypothetical questions are not legal authority.  Where an appellant fails to cite to

any law supporting her assignments of error, it is not this Court's duty to create an argument for her. *See id.*, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). Thus, pursuant to App.R. 16(A), this Court declines to review Ms. Vanest's sufficiency arguments as it relates to violation of her duty of care or protection and custody and control of a child.

{¶30} Ms. Vanest's assignment of error as it pertains to the sufficiency of the evidence regarding the violation of her duty of care or protection and custody and control of a child is overruled.

**Manifest Weight**

{¶31} Further, Ms. Vanest asserts her conviction is against the manifest weight of the evidence. A manifest weight challenge questions whether the State has met its burden of persuasion. *Thompkins,* 78 Ohio St.3d at 390 (Cook, J., concurring). Ms. Vanest, however, has not made any such arguments.

{¶32} When a defendant asserts that her conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten,* 33 Ohio App.3d 339, 340 (9th Dist.1986). In making this determination, this Court is mindful that "[e]valuating evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994).

{¶33} "[S]ufficiency and manifest weight are two separate, legally distinct arguments" and should not be combined in one assignment of error as was done by Ms. Vanest. *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 20. Although Ms. Vanest asserted a manifest weight argument, together with a sufficiency argument, in her captioned assignment of error, she did not develop a manifest weight argument in her brief. As for manifest weight, her brief merely stated the rule. Ms. Vanest's brief went on to list the elements for child endangering and then proceeded to argue the State's evidence was insufficient regarding three of those elements. The entirety of Ms. Vanest's conclusion section asserted sufficiency arguments regarding the elements of creating a substantial risk, the violation of her duty of care or protection, and who had custody and control of her daughter.

{¶34} Ms. Vanest did not challenge the persuasiveness of any of the State's evidence, did not direct this Court to conflicting evidence or credibility issues in the testimony, and did not otherwise attempt to explain how the judge allegedly lost his way. *See State v. Wong,* 9th Dist. Summit No. 27486, 2016-Ohio-96, ¶ 32; *see State v. Smith*, 9th Dist. Summit No. 27877, 2016-Ohio-7278, ¶ 16. This Court will not develop a manifest weight argument on her behalf. *See State v. Sadeghi,* 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 32.

{¶35} Ms. Vanest argues the State "presented no evidence that [A.N.] was incapable of driving" or "that she acted unsafe or drove in a dangerous manner" so as to put anyone at risk. She is arguing the State failed to prove the existence of a substantial risk to the health or safety of a child. "An argument that the State failed to prove one of the elements of a crime is one sounding in sufficiency, not weight." *State v. Hayes,* 9th Dist. Summit No. 26388, 2013-Ohio-2429, ¶ 9. As for conflicting evidence, Ms. Vanest only points to the discrepancy regarding A.N. volunteering or being asked to drive home, but acknowledges the discrepancy is immaterial.

**{¶36}** Ms. Vanest has failed to argue how "the trier of fact clearly lost its way and created such a manifest miscarriage of justice" as to require the reversal of her conviction and a new trial. *Otten*, 33 Ohio App.3d at 340. "[This Court has] already determined that [Ms. Vanest's child endangering] conviction is based on sufficient evidence, and [Ms. Vanest] has not shown that this is the exceptional case where the trier of fact lost its way in convicting [her]." *See State v. Taylor*, 9th Dist. Summit No. 28091, 2016-Ohio-7953, ¶ 39.

**{¶37}** Ms. Vanest's assignment of error as it pertains to manifest weight is overruled.

III.

**{¶38}** Ms. Vanest's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.