[Cite as *State v. Sandin*, 2023-Ohio-174.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     21CA0040-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER B. SANDIN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     20CR0728 |

## DECISION AND JOURNAL ENTRY

Dated: January 23, 2023

PER CURIAM.

{¶1}     Christopher Sandin appeals from the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}     Dissatisfied with the service he received from a cashier at the Pilot gas station in Seville, Mr. Sandin shoved a crumpled receipt and lit cigarette into a diesel fuel nozzle.  The cashier observed him do so and quickly shut off the fuel to the pumps.  No fire occurred, and the police arrived shortly thereafter.  Mr. Sandin was taken into custody and indicted on one count of attempted aggravated arson.

{¶3}     While awaiting trial, Mr. Sandin refused the commands of corrections officers at the jail.  He was handcuffed and transferred to a different cell whereupon an affray ensued, and he kicked Corrections Officer One in the ribs.  Mr. Sandin was then pepper sprayed and spat.  His spit struck Corrections Officer Two on the arm, and Corrections Officer One also felt something

wet land on his arm. As a result of the incident, Mr. Sandin was charged with two counts of harassment with a bodily substance and one count of assault. The assault count and one of the harassment counts pertained to Corrections Officer One. The remaining harassment count pertained to Corrections Officer Two.

{¶4} Following a jury trial, Mr. Sandin was found guilty of attempted aggravated arson, assaulting Corrections Officer One, and harassing Corrections Officer Two. He was found not guilty of harassing Corrections Officer One. Mr. Sandin now appeals, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

MR. SANDIN'S CONVICTION FOR ATTEMPTED AGGRAVATED ARSON
WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶5} In his first assignment of error, Mr. Sandin argues that there was insufficient evidence to support his conviction for attempted aggravated arson. Upon review, this Court rejects his arguments.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7}     A person commits aggravated arson if, "by means of fire or explosion," he "knowingly * * * [c]reate[s] a substantial risk of serious physical harm to any person other than [himself] * * *." R.C. 2909.02(A)(1). An attempt occurs when a person purposely or knowingly "engage[s] in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). A person acts knowingly when he "is aware that [his] conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "[I]ntent can be determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *State v. Garner*, 74 Ohio St.3d 49, 60 (1995).

{¶8}     Mr. Sandin argues the State failed to show how, in sticking a lit cigarette into a diesel pump, he created a substantial risk of serious physical harm to the cashier at the Pilot gas station. According to Mr. Sandin, the State could not rely strictly on the cashier's testimony to prove his charge because the cashier was not an expert and lacked the specialized knowledge required to say "whether, if successful, [his] conduct would create a fire or explosion capable of a substantial risk of serious physical harm to her." He notes that he never threatened the cashier or stated his intent to harm her. Further, he notes that "no experts testified on the State's behalf to explain how a fire at a diesel pump could possibly harm a person, inside a building, one-hundred feet away." Because there was insufficient evidence presented of any danger to the cashier, Mr. Sandin argues, his conviction for attempted aggravated arson is based on insufficient evidence.

{¶9}     The record reflects Mr. Sandin only challenged the mens rea element of his offenses when he presented his Criminal Rule 29 motion for acquittal to the trial court. His entire argument reads as follows:

> Your Honor, at this time we move for a Rule 29 motion. We do not believe that
> the State has been able to establish specifically the knowingly element and enough

in order to establish that there was any intent or anything with that in order to go to the Jury. I think that there was too much of a discrepancy to even allow anything to be brought forward at this point. We ask the Court to dismiss based on a Rule 29 motion.

Mr. Sandin did not include in his Rule 29 motion any argument regarding the State's failure to prove a substantial risk of serious physical harm to the cashier. Nor did he include any argument that the State was required to present expert testimony in support of his offense.

{¶10} "This Court has repeatedly held that when an appellant sets forth specific grounds in a [Criminal Rule] 29 motion, [he] forfeits all other arguments on appeal." *State v. Vanest*, 9th Dist. Summit No. 28339, 2017-Ohio-5561, ¶ 27. Mr. Sandin moved for acquittal based solely on the State having failed to establish mens rea. He did not include any additional arguments about the serious physical harm element of his offense or the necessity of expert testimony. Because he asserted a specific ground in his Criminal Rule 29 motion, he forfeited those additional arguments for purposes of his appeal. *See id.*

{¶11} Mr. Sandin's entire sufficiency analysis pertains to the arguments he forfeited by not including in his Criminal Rule 29 motion. He has not challenged the sufficiency of the State's evidence on the same grounds he asserted below, and this Court will not construct an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). The record reflects Mr. Sandin failed to preserve the only arguments he has tendered in support of his sufficiency challenge. Accordingly, his first assignment of error is overruled on that basis.

## ASSIGNMENT OF ERROR II

MR. SANDIN'S CONVICTION FOR ATTEMPTED AGGRAVATED ARSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In his second assignment of error, Mr. Sandin argues that his conviction for attempted aggravated arson is against the manifest weight of the evidence.

{¶13} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶14} Mr. Sandin asserts that much of his manifest weight argument is similar to his sufficiency argument in that the evidence did not tend to show that he intended to set a fire that would pose grave danger to the cashier. Mr. Sandin notes that the cashier was "far away inside the [gas station] building" when he stuck his lit cigarette into the fuel nozzle, there was no fire, he never threatened the cashier, and he specifically said he did not intend to set a fire. He argues that the cashier was "protected by both the building and distance," and the State never introduced any testimony explaining how a fire at the pump could harm the cashier. He argues that there was no expert testimony, no testimony showing how the diesel pump was connected to the gas station building, and no testimony that anything between the pump and the cashier were flammable. He asserts that his attempted aggravated arson conviction is against the manifest weight of the

evidence because "[t]he State did not explain how a diesel pump fire could cause *any* risk of *any* harm to [the cashier], let alone a substantial risk of serious physical harm." (Emphasis sic.)

{¶15} Mr. Sandin's challenge to the manifest weight of the evidence is essentially a reiteration of his challenge to the sufficiency of the evidence. It is well-established, however, that "a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18. An argument that the State failed to prove an element of an offense or set forth inadequate evidence sounds in sufficiency, not weight. *See State v. Lewis*, 9th Dist. Summit No. 28064, 2017-Ohio-2747, ¶ 14. A manifest weight review examines the persuasiveness of the State's evidence upon a challenge to its reliability or credibility. *See State v. Beavers*, 9th Dist. Summit No. 28485, 2018-Ohio-2172, ¶ 23.

{¶16} In his manifest weight assignment of error, Mr. Sandin has merely rehashed and expanded upon the arguments he made in support of his sufficiency assignment of error, many of which this Court was unable to address because he did not properly preserve them in his motion for acquittal. *See* Discussion, *supra*. He has not challenged any of the State's evidence as "unreliable or lacking credibility." *State v. Smith*, 9th Dist. Summit No. 27877, 2016-Ohio-7278, ¶ 16. This Court will not address additional sufficiency arguments under the guise of a challenge to the manifest weight of the evidence. *See State v. Moultry*, 9th Dist. Summit No. 28418, 2017-Ohio-8654, ¶ 13. Nor will it fashion a manifest weight argument on an appellant's behalf. *See Beavers* at ¶ 23. Because Mr. Sandin has not set forth an argument that his conviction is against the manifest weight of the evidence, his second assignment of error is overruled.

ASSIGNMENT OF ERROR III

MR. SANDIN RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHERE SHE DID NOT OBJECT TO HIGHLY

PREJUDICIAL AND IMPROPER TESTIMONY CONCERNING MR. SANDIN'S PROPENSITY TO SPIT.

{¶17} In his third assignment of error, Mr. Sandin argues that he received ineffective assistance of counsel because his counsel did not object when the State elicited other acts testimony on direct examination and relied on that testimony in closing argument.

{¶18} [I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Sandin must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Mr. Sandin must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶19} Mr. Sandin's ineffective assistance of counsel argument pertains to his conviction for harassment with a bodily substance. It was the State's position that he purposely spit on Corrections Officer Two during an affray at the jail. *See* R.C. 2921.38(A). Corrections Officer Two testified that he and four other officers were trying to restrain Mr. Sandin when Mr. Sandin kicked Corrections Officer One in the ribs. Mr. Sandin was then pepper sprayed and spit on Correction Officer Two's arm. The State introduced a picture of the spit on Correction Officer Two's arm, and he testified that the spitting did not appear to be accidental.

{¶20} Corrections Officer One also testified about the jail affray. He testified that he used his palm to push away Mr. Sandin's face when Mr. Sandin became combative because he was

"known to spit at officers." Corrections Officer One described how Mr. Sandin kicked him in the ribs and how, when he was peppered sprayed, he made a sound and spit. Corrections Officer One mimicked the sound Mr. Sandin made, and the court reporter described it as a "hocking noise." Upon further questioning from the State, Corrections Officer One testified that he had been involved in a few jail incidents where Mr. Sandin had spit at officers. The prosecutor pointed to his testimony during closing argument as evidence that Mr. Sandin's spitting on Corrections Officer Two was not accidental.

{¶21} Mr. Sandin argues that he received ineffective assistance of counsel because his counsel did not object when the State elicited testimony about his tendency to spit on officers and referred to that testimony in closing argument. He argues that the testimony was not admissible character evidence under Evidence Rule 404(A). Further, he argues that the testimony was not admissible other acts evidence under Evidence Rule 404(B) because the State never provided the defense with reasonable notice of its intent to introduce evidence of any prior bad acts. *See* Evid.R. 404(B). According to Mr. Sandin, his counsel's failure to object prejudiced him because, without the testimony about his tendency to spit on officers, there was minimal evidence to establish his mens rea.

{¶22} Although Evidence Rule 404(B) contains a notice requirement, the requirement ""'should not be construed to exclude otherwise relevant and admissible evidence solely because of a lack of notice, absent a showing of bad faith.'"" *State v. Ewing*, 9th Dist. Summit No. 29685, 2021-Ohio-2220, ¶ 18, quoting *State v. Lester*, 3d Dist. Union Nos. 14-18-21, 14-18-22, 2020-Ohio-2988, ¶ 48, quoting 2012 Staff Note, Evid.R. 404(B). Mr. Sandin has not alleged any bad faith on the part of the prosecutor such that his counsel would have had cause to object when

Corrections Officer One testified.[1]  *See* App.R. 16(A)(7).  Moreover, "'[t]his Court has consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel.'"  *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 24, quoting *State v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 74.  It was defense counsel's argument that Mr. Sandin accidentally spit while being restrained by five officers and pepper sprayed.  Defense counsel may well have made a strategic decision not to object to Corrections Officer One's testimony because an objection would have drawn more attention to that testimony and may not have succeeded.  *See State v. Granakis*, 9th Dist. Wayne No. 15AP0053, 2017-Ohio-8428, ¶ 29.  *See also* Evid.R. 404(B) (other acts evidence allowable to proof of intent or absence of mistake).  Because Mr. Sandin has not established ineffective assistance of counsel due to his counsel's failure to make objections, his third assignment of error is overruled.

### III.

{¶23}  Mr. Sandin's assignments of error are overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

---

[1] Notably, it is the State's position on appeal that the prosecutor did not file a notice of intent to rely on other acts evidence in advance of trial because the prosecutor was unaware Correction Officer One would be testifying that Mr. Sandin had a propensity to spit at officers.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
CONCURRING.

{¶24} To secure a conviction for attempted aggravated arson, the State had to prove Mr. Sandin intended to create a substantial risk of serious physical harm to the gas station cashier by means of a fire or explosion. *See* R.C. 2909.02(A)(1), R.C. 2923.02(A). I concur in the affirmance of his conviction because Mr. Sandin failed to preserve the only sufficiency arguments he has

tendered on appeal. Nevertheless, I write separately to express my concerns regarding the State's evidence against him and the arguments the State employed to secure his conviction.

{¶25} Intent may be inferred from circumstantial evidence. *See State v. Weese*, 9th Dist. Summit No. 23897, 2008-Ohio-3103, ¶ 13. Yet, the State may rely on circumstantial evidence to prove its case "only insofar as reasonable inferences may be drawn from that evidence." *State v. Rohr-George*, 9th Dist. Summit No. 23019, 2007-Ohio-1264, ¶ 21. "A trier of fact may not draw '[a]n inference based * * * entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]'" *State v. Cowans*, 87 Ohio St.3d 68, 78 (1999), quoting *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329 (1955), paragraph one of the syllabus. *Accord State v. Grant*, 67 Ohio St.3d 465, 478 (1993) ("[I]nferences cannot be built upon inferences * * *.").

{¶26} The State only set forth evidence that Mr. Sandin pushed a crumpled receipt and a lit cigarette into a diesel fuel pump. Throughout the entire trial, however, the jury was told Mr. Sandin pushed his receipt and cigarette into a "gas" pump. Gasoline is entirely distinct from diesel fuel. There was no evidence Mr. Sandin ever went near gasoline with a lit cigarette, and the lack of distinction between gasoline and diesel fuel by the witnesses and counsel invited the jury to infer and presume diesel fuel has the same properties and qualities as gasoline. To convict Mr. Sandin, the jury would have had to infer that his actions could have resulted in a fire or explosion, that fire or explosion would have endangered the cashier, and that Mr. Sandin was aware of both of those facts when he acted. Because the foregoing inferences cannot reasonably be drawn from the evidence introduced at trial, the record supports the conclusion that Mr. Sandin's attempted aggravated arson conviction is a result of impermissible inference stacking.

{¶27} Unfortunately for Mr. Sandin, trial counsel did not challenge the State's evidence on the foregoing basis and appellate counsel has not argued that trial counsel's failure to do so amounted to ineffective assistance of counsel. Mr. Sandin may choose to seek further review of this issue by filing an application for reopening. Given the limited argument he has presented this Court on direct appeal, however, I agree his conviction for attempted aggravated arson must be affirmed. Accordingly, I concur in the judgment of the Court.

APPEARANCES:

COLE F. OBERLI, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.