**[Cite as *State v. Young*, 2025-Ohio-4409.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

TITUS T. YOUNG

    Appellant

C.A. No.     25CA012199

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    24CR110762

DECISION AND JOURNAL ENTRY

Dated: September 22, 2025

---

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Titus Young appeals his convictions from the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** A grand jury indicted Young on one count of failure to provide notice of change of address in violation of R.C. 2950.05(F)(1), and one count of tampering with records in violation of R.C. 2913.42(A)(1). Young pleaded not guilty. The matter proceeded to a bench trial wherein the following factual background and evidence was adduced.

**{¶3}** In 2022, Young pleaded guilty to attempted rape. The trial court in that case sentenced Young to prison and advised him of his duty to register as a Teir III sex offender. Young also signed a written "Explanation of Duties to Register as a Sex Offender or Child Victim Offender[,]" which advised Young that he was required to register in person at the Sheriff's office every 90 days. The "Explanation of Duties to Register as a Sex Offender or Child Victim

Offender" also advised Young that he was required to provide a written notice of a change of address in person at the Sheriff's office at least 20 days prior to changing his address.

{¶4} Upon his release from prison in September 2023, Young registered his address as 329 E 21st Street in person at the Lorain County's Sheriff's Office. At the time he registered his address, Young also scheduled a "verification time" of December 27, 2023, for a deputy to meet him at 329 E 21st Street to verify his address.

{¶5} As scheduled, a deputy with the Lorain County Sheriff's Office went to 329 E 21st Street on December 27, 2023, to verify Young's address. The deputy testified that no one answered the door, so she called Young. Young informed the deputy that he was at his girlfriend's apartment. The deputy and Young rescheduled the address verification for the following day.

{¶6} The next day, the deputy went to 329 E 21st Street for the second time, but no one answered the door. The deputy called Young, who again told her that he was at his girlfriend's apartment. The deputy testified that she suspected Young did not live at 329 E 21st Street, and that she advised Young to register his new address with the Sheriff's office as soon as possible.

{¶7} The deputy testified that she returned to 329 E 21st Street for the third time on January 18, 2024. Again, no one answered the door. On January 25, 2024, Young registered his purported address in person at the Sheriff's office, indicating that he was homeless and living at the intersection of Ashwood Boulevard and Cooper Foster Park Road. The deputy arranged to meet with Young at the intersection the following day to verify his address.

{¶8} When the deputy arrived at the intersection the following day (a Friday), she observed Young get out of his girlfriend's vehicle. The deputy testified that she told Young she did not think he was homeless, at which point Young admitted that he had been staying with his girlfriend at her apartment. Young told the deputy that he had been staying with his girlfriend for

the past two months, but that he did not register at his girlfriend's address due to "landlord restrictions." The deputy told Young to register his correct address by Monday. The foregoing exchange between the deputy and Young was captured on the deputy's bodycam, which the State played during the bench trial.

{¶9} The deputy testified that Young did not come into the Sheriff's office on Monday to register his address. As a result, the deputy completed a report and issued a warrant for Young's arrest based upon: (1) his failure to notify the Sheriff's office of his change of address; and (2) tampering with records. Deputies located and arrested Young at his girlfriend's apartment. After his release from custody, Young registered his address in person at the Sheriff's office, listing the address of his girlfriend's apartment.

{¶10} In addition to the deputy's testimony, the State presented several exhibits during the bench trial, including the deputy's bodycam footage, a copy of Young's prior conviction for attempted rape, a copy of the "Explanation of Duties to Register as a Sex Offender or Child Victim Offender" Young signed related to his conviction for attempted rape, and the relevant notices of Young's change of address that Young executed at the Lorain County Sheriff's Office.

{¶11} Young then testified on his own behalf. According to Young, he lived at 329 E 21st Street after his release from prison until he "got put out by [his] brother." Young testified that he was homeless at the time he registered as homeless, and that he only went to his girlfriend's apartment to hang out and shower. Young testified that he lied to the deputy when he told her he was staying at his girlfriend's apartment because he was embarrassed to admit he was homeless. Young also testified that he called the Sheriff's office on Sunday, January 28, 2024 (i.e., the day before the deadline the deputy imposed of Monday, January 29, 2024), to register his new address

over the phone. According to the deputy, the Sheriff's office does not accept address registrations over the phone.

{¶12} After the bench trial, the trial court found Young guilty. The trial court sentenced Young to two years in prison on each count and ordered the prison terms to run concurrently with credit for time served. Young now appeals his convictions, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO. THE TRIAL COURT ERRED IN CONVICTING MR. YOUNG OF ALLEGED OFFENSES IN WHICH THE STATE FAILED TO PROVE ALL ELEMENTS OF EACH OFFENSE.

{¶13} In his first assignment of error, Young argues that the State failed to present sufficient evidence in support of his convictions. For the following reasons, this Court disagrees.

{¶14} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the State proved the essential elements of the crime beyond a reasonable doubt. *Id.* The trier of fact is entitled to rely on direct, as well as circumstantial evidence. *See id.*

{¶15} Young first argues that the State failed to present sufficient evidence in support of his conviction for failure to provide notice of change of address. R.C. 2950.05(F)(1) provides that "[n]o person who is required to notify a sheriff of a change of address pursuant to division (A) of this section . . . shall fail to notify the appropriate sheriff in accordance with that division." "'[C]hange in address' includes any circumstance in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address." R.C. 2950.05(I). "[I]f an offender is required to register under Section 2950.04, he must provide written notice of a change of address at least 20 days before changing it." *State v. Gaskins*, 2019-Ohio-262, ¶ 4 (9th Dist.), citing R.C. 2950.05(A).

{¶16} On appeal, Young argues that the State failed to present sufficient evidence in support of his conviction for failure to provide notice of change of address because he did, in fact, provide a notice of change of address. Specifically, Young points to the fact that he provided a change of address on January 25, 2024, indicating that he was homeless and living at the intersection of Ashwood Boulevard and Cooper Foster Park Road. For the following reasons, Young's argument lacks merit.

{¶17} At trial, the State presented evidence indicating that Young registered his address as 329 E 21st Street in September 2023. The State also presented evidence indicating that a deputy unsuccessfully attempted to verify this address on December 27, 2023, December 28, 2023, and January 18, 2024. While Young registered as homeless on January 25, 2024, the deputy testified that Young admitted to her on January 26, 2024, that he was not homeless and that he had been staying with his girlfriend for the past two months. The deputy's bodycam video that captured this exchange corroborated the deputy's testimony. Viewing the evidence in a light most favorable to the State, a trier of fact could reasonably conclude that the State presented sufficient evidence to

prove the essential elements of failure to provide notice of change of address beyond a reasonable doubt. R.C. 2950.05(A); R.C. 2950.05(F)(1). Accordingly, Young's challenge to the sufficiency of the evidence in this regard lacks merit.

{¶18} Young next asserts that the State failed to present sufficient evidence in support of his conviction for tampering with records. R.C. 2913.42(A)(1) provides that "[n]o person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall . . . [f]alsify, any writing . . . or record . . . ."

{¶19} On appeal, Young has not identified which element of R.C. 2913.42(A)(1) that the State failed to support with sufficient evidence. Instead, Young simply asserts:

> Here, Mr. Young changed his address to homeless since he was not permitted to live anywhere else. Just because the deputy believed that Young could reside with his girlfriend, he testified that he was unable to reside there. If anything, Mr. Young was being honest about his living situation or lack thereof and did not defraud his registration form.

{¶20} Young's limited argument is premised upon his credibility as a witness, which sounds in manifest weight, not sufficiency. *See State v. Sandin*, 2023-Ohio-174, ¶ 15 (9th Dist.) ("An argument that the State failed to prove an element of an offense or set forth inadequate evidence sounds in sufficiency, not weight . . . A manifest weight review examines the persuasiveness of the State's evidence upon a challenge to its reliability or credibility."). As this Court has explained, "[i]t is well-established . . . that 'a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations.'" *Id.*, quoting *State v. Vicente-Colon*, 2010-Ohio-6242, ¶ 18 (9th Dist.).

{¶21} At best, Young's argument can be construed as asserting that the State failed to prove that he falsified a record because he was actually homeless when he registered as homeless. Yet the State presented evidence indicating that Young told the deputy the day after he registered

as homeless (i.e., on January 26, 2024) that he had been staying with his girlfriend for the past two months. Viewing the evidence in a light most favorable to the State, a trier of fact could reasonably conclude that the State presented sufficient evidence to prove the essential elements of tampering with records beyond a reasonable doubt. *See State v. Jackson*, 2011-Ohio-462, ¶ 8-13 (8th Dist.) (affirming the defendant's conviction for tampering with records based upon the defendant providing false information on his sex offender registration form). Young's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶22} In his second assignment of error, Young argues that his convictions are against the manifest weight of the evidence. For the following reasons, this Court disagrees.

{¶23} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.).

{¶24} On appeal, Young argues that his convictions are against the manifest weight of the evidence for two reasons. First, Young argues that he provided credible testimony that he: (1) was homeless; and (2) called the Sheriff's office on Sunday January 28, 2024, (i.e., the day before the deadline the deputy imposed of Monday January 29, 2024) to change his address. As the trier of fact in this case, the trial court was in the best position to evaluate Young's credibility. *State v. Hartwell*, 2025-Ohio-2278, ¶ 7 (9th Dist.). In doing so, the trial court was "free to believe all, part, or none" of his testimony. *Id.*, quoting *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). The fact that the trial court believed the State's version of the events (i.e., that Young was staying with his girlfriend and that the Sheriff's office does not accept address registrations over the phone) instead of Young's version does not render his convictions against the manifest weight of the evidence. *Harris* at ¶ 19.

{¶25} Second, Young argues that his convictions are against the manifest weight of the evidence because the deputy's investigation was deficient. Specifically, Young argues that the deputy failed to prove that he was not homeless and failed to prove that he was living with his girlfriend. Young's argument ignores the fact that he admitted to the deputy on January 26, 2024, that he had been staying with his girlfriend for the past two months. While Young testified at trial that he lied to the deputy because he was embarrassed to tell her he was homeless, the trial court was not required to believe Young's testimony in this regard. *See Hartwell* at ¶ 7.

{¶26} Having reviewed the record, this Court cannot say that this is the exceptional case in which the evidence weighs heavily against Young's convictions. Consequently, Young's second assignment of error is overruled.

## III.

{¶27} Young's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶28} I write separately to emphasize that the issue of whether the landlord restrictions prohibited Young from residing with his girlfriend is irrelevant. The primary public policy considerations underlying the sex offender registration scheme are to provide notice to the community that a sex offender is living in a certain area and to ensure that the sex offender is easily reachable should an issue arise. Accordingly, Young was required to register at the address where he was actually residing, regardless of whether his girlfriend's landlord permitted him to be there. Because Young registered as homeless when the evidence established that he was clearly residing with his girlfriend, I would overrule Young's challenges to the sufficiency and weight of the evidence and affirm the trial court's judgment.

<u>APPEARANCES:</u>

DENISE G. WILMS, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and SPENCER J. LUCKWITZ, Assistant Prosecuting Attorney, for Appellee.